IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF JORDAN VIDANA through its personal
representative CURTISS N. LEIN,
JORDAN VIDANA, JR., JADEN VIDANA,
JAYLEN VIDANA, and SANDER KING, through their
guardian ad-litem SAMUEL LAWTON,

                Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

                Defendants.

ORDER

23-cv-82-jdp

---

ESTATE OF LEONARD ROBERT HOPINKA through
its personal representative JOSHUA MELTON,
HELES-WV-CEXI-WI HOPINKAWHITECLOUD and
NO-KO-SELVS-TE HOPINKA WHITECLOUD
through their guardian ad-litem VICTORIA L. DAVIS
DÁVILA, ESTATE OF TYLER EDWARD DECORAH
through its personal representative JUSTIN HALL and
KENDRICK DECORAH through her guardian ad-litem
ROBERT PLEDL,

                Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

                Defendants.

ORDER

23-cv-486-jdp

---

As requested by the court, Matthew Lein has submitted more information to address the court's concerns about his representation of the plaintiffs, the guardians ad litem, and the personal representatives. The court will briefly explain its resolution of these issues.

As for Lein's representation of all the plaintiffs in the case, he has explained why he believes it is ethical for him to do so, and he has submitted a proposed conflict-of-interest waiver to be signed by the estates' personal representatives, the minors' guardians ad litem, and Jaden Vidana.[1] The court is persuaded that Lein is aware of the ethical rules pertaining to the joint representation and the potential problems that might arise. The court will allow Lein to proceed as counsel for all plaintiffs, with the additional requirements stated below. But to be clear, the court is not ruling that Lein's representation complies with either the Model Rules of Professional Conduct or the Wisconsin Rules of Professional Conduct. That matter has not been fully presented to the court, and the court does not have all the information it would need to make that determination.

Two matters require additional attention.

First, Lein cannot represent the minor Kendrick Decorah without a retainer agreement signed by his legal guardian. Lein acknowledges in a footnote that Kendrick's legal guardian has not signed a retainer agreement, Dkt. 47, at 3, and Lein identifies no other legal authorization he has to represent Kendrick. The court will give Lein a deadline to submit a retainer agreement or Kendrick will be dismissed from the case. The Decorah estate will continue as a party to the case; it's participation has been authorized by the personal representative.

Second, the conflict-of-interest waivers must be signed by the minors' legal guardians, in addition to the minors' guardians ad litem. The guardians ad litem will advise the court concerning the best interests of the minors in these proceedings, but they do not have authority

---

[1] The court understands that Jaden Vidana is now an adult, which is why he does not have a guardian at litem. If that is incorrect, Lein should notify the court promptly.

to initiate or maintain litigation on behalf of the minors or to otherwise make legal decisions for the minors. So the court will give Lein a deadline to submit waivers signed by both the guardians ad litem and the legal guardians of the minors. The personal representatives may sign for the estates and Jaden Vidana may sign on his own behalf.

As for the qualifications of the guardians ad litem, Lein identified three new candidates: (1) Kyle Torvinen of Torvinen Jones & Saunders SC for the Vidana minors; (2) Timothy Eiden of Eiden & Hatfield, LLC, for the Hopinka minors; and (3) Robert Barnes of McCarthy & Barnes, PLC for Kendrick Decorah. Each of the candidates is an attorney with experience in evaluating damages in wrongful death and personal injuries and in handling proceeds for minors. Dkts. 49–52. The court will construe these submissions as a motion to appoint the candidates as guardians ad litem, and the court will grant the motion.[2]

As for the personal representatives, Lein has identified Jaclyn Carriga as the new personal representative for the Vidana estate. Dkt. 54. The court will construe that document as a motion to substitute Carriga for Curtiss N. Lien and will grant the motion.

ORDER

IT IS ORDERED that:

1. No later than February 15, 2024, Matthew Lein is to submit the following documents to the court ex parte: (1) a retainer agreement signed by Kendrick Decorah's legal guardian; (2) conflict-of-interest waivers signed by all parties or their legal representatives as discussed in this opinion; and (3) a retainer agreement with Robert Barnes. If Lein does not provide a retainer agreement for Kendrick Decorah by February 15, the court will dismiss Kendrick Decorah from the case.

---

[2] Lein submitted two curricula vitae for Barnes rather than a retainer agreement. Dkt. 49 and Dkt. 50. The court requests that Lein submit an agreement for Barnes when he submits the other documents the court has requested.

2. Kyle Torvinen of Torvinen Jones & Saunders SC is appointed as the guardian ad litem for Jordan Vidana, Jr., Jaylen Vidana, and Sander King.

3. Timothy Eiden of Eiden & Hatfield, LLC, is appointed as the guardian ad litem for No-Ko-Selvs-Te Hopinka Whitecloud and He-Les-Wv-Cexi-Wi Hopinka-Whitecloud.

4. Robert Barnes of McCarthy & Barnes, PLC is appointed as the guardian ad litem for Kenrick Decorah.

5. Jaclyn Carriga is substituted for Curtis N. Lein as the personal representative of the Estate of Jordan Vidana.

Entered February 5, 2024.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge