IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ESTATE OF JORDAN VIDANA through its personal
representative CURTISS N. LEIN, JORDAN VIDANA,
JR., JADEN VIDANA, JAYLEN VIDANA, and SANDER
KING, through their guardian ad-litem SAMUEL LAWTON,

               Plaintiffs,

v.                                                                                                   23-CV-82-JDP

LUIS RYES GOMEZ, HP TRANS CORP.,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

               Defendants.

ESTATE OF LEONARD ROBERT HOPINKA through
its personal representative JOSHUA MELTON,
HELES-WV-CEXI-WI HOPINKAWHITECLOUD and
NO-KO-SELVS-TE HOPINKA WHITECLOUD
through their guardian ad-litem VICTORIA L. DAVIS
DAVILA,ESTATE OF TYLER EDWARD DECORAH
through its personal representative JUSTIN HALL and
KENDRICK DECORAH through her guardian ad-litem
ROBERT PLEDL,

               Plaintiffs,

v.                                                                                     23-CV-486-JDP

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

               Defendants.

**UNOPPOSED MOTION FOR APPROVAL
OF MINOR SETTLEMENT AGREEMENT**

1

Plaintiffs the Estates of Leonard Robert Hopinka, Jordan Lee Vidana, and Tyler Edward Decorah, as well as the minor children of each named decedent through their respective guardians ad litem (collectively "plaintiffs"), appear through undersigned counsel and make the unopposed request that this Court approve the minor settlement agreement reached by the parties and described herein. In support of this request, plaintiffs state as follows:

## STATEMENT OF RELEVANT FACTS

1. The above-captioned, consolidated actions arose from a two-vehicle accident that occurred on January 22, 2022, in Black River Falls, Wisconsin, between a 2017 Toyota Corolla and a 2004 Freightliner Truck.

2. The Toyota, which was $_{proceeding}$ westbound on Highway 54, was struck by the Freightliner, which was crossing Highway 54.

3. All three occupants of the Toyota died in the accident, leaving behind the minor children named in this action.

    a. Decedent Jordan Vidana was the owner of the Toyota and a back-seat passenger at the time of the accident. Attorney Kyle H. Torvinen, Esq., of Torvinen, Jones & Saunders, S.C., was appointed as guardian ad litem for Vidana's three minor children: (1) Jaylen Vidana (DOB 6/26/06), (2), Jorden Vidana, Jr. (DOB 10//08/08), and (3) Sander King (DOB 08/28/07). (*See generally*, Report of guardian ad litem for minor Vidana children, *att'd hereto* at Ex. A, *hereinafter* "Vidana GAL Report.")

    b. Decedent Leonard Robert Hopinka was driving the Toyota at the time of the accident. Attorney Timothy J. Eiden of Eiden & Hatfield, LLC, was appointed as guardian ad litem for Hopinka's two minor children: (1) Hopinka, He-Les-Wv

2

      Cexi-Wi Hopinka-Whitecloud (DOB 5/18/12), and (2) No-Ko-Se Lvs-Te Hopinka-Whitecloud (DOB 3/30/15). (*See generally*, Report of guardian ad litem for minor Hopinka children, *att'd hereto* at Ex. B, *hereinafter*, "Hopinka GAL Report.")

   c. Decedent Tyler Decorah was the front-seat passenger at the time of the accident. Attorney Robert Barnes of McCarthy & Barnes, PLC, was appointed as guardian ad litem for Decorah's only minor child, Kendrick Decorah (DOB unknown[1]). (*See generally*, Report of guardian ad litem for minor Decorah child, *att'd hereto* at Ex. C, *hereinafter*, "Decorah GAL Report.")

4. At the time of the accident, the occupants of the Toyota had the following blood alcohol levels: Jordan Vidana 0.306 g/dL, Leonard Hopinka 0.281 g/dL, and Tyler Decorah 0.314 g/dL. Blood tests also detected cannabinoids in Hopinka and Decorah's systems.

5. Gomez, the driver of the Freightliner and sole survivor of the accident, was not intoxicated.

6. Plaintiffs filed the above-captioned suit against defendants Gomez, HP Trans Corp, Drive New Jersey Insurance Company and Sentry Select Insurance Company, to recover damages based on the accident.

7. Based on accident reconstruction evidence, plaintiffs' main argument at trial would likely be that Gomez negligently pulled out into the roadway when an approaching vehicle should have been within his range of vision, and Hopinka, as the driver of the Toyota, acted consistently with what a reasonable person who was not intoxicated would dot to avoid the accident.

---

[1] Best efforts were used to determine the age of Kendrick Decorah. Given the deceased was 35 years old at the time of death, undersigned counsel assumed Kendrick Decorah is under 18 years of age. (Buswell Funeral Home, Tyler Edwward Decorah Obituary (Last Visited April 28, 2024), https://www.buswellfh.com/obituaries/Tyler-Edward-Decorah?obId=23779195)

3

8. Based on his intoxication at the time of the accident, the defendants have filed a counterclaim against the estate of driver Hopinka.

9. In anticipation of mediation, the three guardians ad litem met and determined a fair distribution of any settlement proceeds would be as follows: 37.5% to the Vidana Estate, 37.5% to the Hopinka Estate, and 25% to the Decorah Estate. All parties agreed to these distribution percentages.

10. The available liability insurance limits totaled $2,000,000. The Toyota was uninsured.

11. The parties proceeded to mediation on February 29, 2024, and, after a six-hour session, agreed to mediator John Kramer's mediator's proposal of a global settlement for $600,000.

12. The parties now ask this Court to approve the settlement agreement.

## THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND IN THE BEST INTERESTS OF THE MINOR CHILDREN

Wisconsin law provides that "a compromise or settlement of an action or proceeding to which a minor . . . is a party may be made by the . . . guardian ad litem with the approval of the court in which such action or proceeding is pending." Wis. Stat. § 807.10(1). In determining whether to approve a minor settlement, the Wisconsin Legislature provides no specific guidance as to what factors should be considered. Instead, this court is to determine generally whether "the proposed distribution of settlement proceeds are fair and reasonable and in the best interests of [the minor]." *In re Glaser*, No. 05CV1319, 2005 WL 2491542, at *1 (Wis. Cir. Ct. Dane Cty. Apr. 25, 2005). The proposed settlement meets this standard.

   I.   **The settlement is fair, reasonable, and in the best interests of the minor Vidana children**

As proposed, the settlement calls for a total payment of $225,000 (37.5% of the gross settlement amount) to the Vidana Estate. Acting as guardian ad litem for the Vidana minor children,

Attorney Torvinen has concluded "it is in the best interests of Vidana's children to accept the share of the total recovery described below, in order to guarantee they recover something, rather than take the risk that they recover nothing." (Vidana GAL Report at p. 4.) Attorney Torvinen's conclusion is based on the following:

***First, there is a risk the minor Vidana children could receive substantially less than the proposed settlement, or even nothing should this action proceed to trial.***  Attorney Torvinen, who has tried nearly 100 personal injury cases since 1993, believes it would be risky to take this case to trial given a lack of clear-cut liability. (Vidana GAL Report at pp. 2-4.) For example, plaintiffs have argued the fact that the trailer being driven by Gomez had length-long reflective tape on it arguably could or should raise doubts [in a jury's mind] about the decedent's ability to see and react to the crossing trailer in a reasonable fashion. (Vidana GAL Report at p. 3.) More problematic than this, however, is the fact that the driver and passengers of the Toyota were all intoxicated.

Pursuant to Wis. Stat. § 895.045, contributory negligence applies to a wrongful death beneficiary just as it would to any other party plaintiff in a negligence action. *See also, Chang v. State Farm Mute. Auto. Ins. Co*, 182 Wis 2d. 549, 182 Wis. 2d 549, 514 N.W.2d 399 (1994). Furthermore, there is no distinction between active and passive negligence as to overall responsibility for injury. *Pachowitz v. Milwaukee & Suburban Transport Corp*., 56 Wis. 2d. 383, 202 N.W.2d 268 (1972). Here, although Vidana was not driving the Toyota at the time of the accident, there may be a jury question of active or passive negligence on his part. Plaintiffs may argue Vidana was aware Hopinka was intoxicated and allowed Hopinka to drive his Toyota, anyway. Plaintiffs may argue Vidana was aware Hopinka was intoxicated and, knowing this, decided to ride in his Toyota as a passenger while Hopinka drove. Finally, plaintiffs may argue

5

Vidana should have notified Hopinka of any potential danger while Hopinka was driving but failed to do so.

Attorney Torvinen is also concerned a jury will not be favorable to plaintiffs based on their intoxication, stating, "Certainly, fair or unfair, I can say from 30 plus years of experience with alcohol-related accidents and deaths, juries often do not reward drivers they believe were intoxicated by alcohol or other substances. (Vidana GAL Report at p. 3.) Even if a jury does find plaintiffs are entitled to some recovery based on the accident, it could choose to drastically reduce the amount awarded to plaintiffs based on the above. (Vidana GAL Report at p. 3.) Attorney Torvinen believes it is at least possible that liability would be legally adverse to plaintiffs, leaving them with nothing following jury trial. (Vidana GAL Report at p. 4.) Furthermore, once attorney fees and expenses to bring this matter to trial are factored in – which undersigned counsel believes could exceed $120,000 – a jury award reduced based on a finding of contributory negligence may still leave the minor Vidana estate with nothing.

***Second, all stakeholders in the Vidana Estate have agreed to the proposed settlement and distribution of proceeds.*** This includes Attorney Torvinen (in his capacity as guardian ad litem of the three minor Vidana children), Isaiah Funmaker (in his capacity as guardian of Sander King), Jaclyn Carriaga (in her capacity as the biological mother and guardians of Jayden, Jaylen, Jordan, and Jayden Vidana, as well as the personal representative of the Vidana Estate), Jayden Vidana, (in his individual capacity, as Jordan Vidana's adult son who turned 18 during the pendency of this litigation so is independently represented). Given that all interested parties have agreed the proposed settlement is in their best interests, this Court should honor it.

In light of the foregoing, the proposed settlement of $600,000, with a payment of $225,000 (37.5% of the gross settlement amount) to the Vidana Estate, is in the best interests of the minor

6

Vidana children. By approving this settlement, this Court will guarantee that the minor Vidana children will receive *something* as a result of the horrific accident that claimed the life of their father.

**II.     The settlement is fair, reasonable, and in the best interests of the minor Hopinka children**

As proposed, the settlement calls for a total payment of $225,000 (37.5% of the gross settlement amount) to the Hopinka Estate. Acting as guardian ad litem for the Vidana minor children, Attorney Eiden concluded, "the $600,000 global settlement was entirely appropriate." (Hopinka GAL Report at p. 2.) Attorney Eiden's analysis is similar to Attorney Torvinen's analysis, above. Specifically, Attorney Eiden stated:

> Each of the decedents was impaired at the time of the crash and there is no evidence to suggest that the semi driver, Mr. Gomez, was under the influence of any substance. There was no insurance on the car Mr. Hopinka was operating. If these cases were tried, the possibility is that the negligence of Mr. Hopinka, who was operating the vehicle while impaired, and that of the passengers, who were also impaired and chose to ride with Mr. Hopinka, could have exceeded that of defendant Gomez so as to preclude any recovery on the claims of decedents.

(Hopinka GAL Report at p. 2.) Attorney Eiden further noted that, even though liability experts opined that Gomez was negligent in operating the Freightliner:

> [T]here is no guarantee that jurors would embrace those opinions given the level of impairment of three men and after being instructed on WIS JI-Civil 1035 -- Voluntary Intoxication: Relation to Negligence, 1046 -- Contributory Negligence of Passenger: Placing Self in Position of Danger and 1047 -- Contributory Negligence of Guest: Riding with Host.

(Hopinka GAL Report at p. 2.) Attorney Eiden concluded that the amount and distribution of the global settlement is "squarely within the range at which I evaluated the claims pre-mediation."

In light of the foregoing, the proposed settlement of $600,000, with a payment of $225,000 (37.5% of the gross settlement amount) to the Hopinka Estate, is in the best interests of the minor

Hopinka children. By approving this settlement, this Court will guarantee that the minor Hopinka children will receive *something* as a result of the horrific accident that claimed the life of their father.

### III. The settlement is fair, reasonable, and in the best interests of the minor Decorah child

As proposed, the settlement calls for a total payment of $150,000 (25% of the gross settlement amount) to the Decorah Estate. Acting as guardian ad litem for the only minor Decorah child, Kendrick Decorah, Attorney Barnes has concluded "I stand in support of the proposed settlement and allocation on behalf of Kendrick Decorah." (Decorah GAL Report at p. 2.)

As Attorney Barnes indicated in his report, he believes that liability is "a *significant* concern for the Decorah Estate," explaining:

> Driver, Mr. Hopinka was under the influence of alcohol, and all indications are that passengers Decorah and Vidana were riding with him voluntarily. In my experience, juries are more often than not very tough on intoxicated drivers. And intoxicated passengers.

(Decorah GAL Report at p. 2.) Should this action proceed to trial, Attorney Barnes believes plaintiffs would face the unacceptable risk that a jury would place primary or full fault for the accident on driver Hopinka, and may be persuaded to find that passengers Vidana and Decorah knowingly and voluntarily undertook the risk of riding in the Toyota with a driver they knew to be intoxicated. Under either scenario, Attorney Barnes believes there is "a tremendous peril of either no recovery or minimal recovery for the Decorah Estate." (Decorah GAL Report at p. 2.) As to Mr. Decorah, specifically, Attorney Barnes indicated a "real concern that a jury would award minimal damages where Tyler Decorah was engaging in risky activity (riding with the intoxicated Mr. Hopinka) while he himself had been consuming alcohol." (Decorah GAL Report at p. 2.)

In light of the foregoing, the proposed settlement of $600,000, with a payment of $150,000 (25% of the gross settlement amount) to the Decorah Estate, is in the best interests of Decorah's only minor child, Kendrick. By approving this settlement, this Court will guarantee that Kendrick Decorah will receive *something* as a result of the horrific accident that claimed the life of his father.

## PROPOSED PROCESS OF SETTLEMENT DISTRIBUTION

### I. As to the minor children of Jordan Vidana

As proposed, the settlement calls for a total payment of $225,000 (37.5% of the gross settlement amount) to the Vidana Estate. Of this amount, $147,606.39 would be due to Lein Law Offices for legal fees and expenses, as further indicated in the attached breakdown. (Settlement Statement for Jorden Vidana, *att'd hereto* at Ex. 1, *hereinafter* Vidana Settlement.) This amount includes, in relevant part, a 1/3 award of $75,000 to Lein Law Offices, $28,553.42 for professional services including expert reports and guardian ad litem services, and $40,000 to settle probate of the Vidana Estate. (Vidana Settlement.) This will result in an approximate payout to the Vidana Estate of $77,393.61. (Vidana Settlement).

This amount (i.e., $77,393.61) would be divided equally between the Vidana heirs: Jayden Vidana, Jaylen Vidana, Sander King, and Jorden Vidana, Jr. Because Mr. Vidana had a meaningful relationship with all of his children except for Sander King, Attorney Torvinen advised the parties and guardians that in litigation or a contested hearing, Sander King would likely receive a smaller recovery – if any – than the children Mr. Vidana did have meaningful relationships with. (Vidana GAL Report at p. 4.) However, Mr. Funmaker (guardian of Sander King) and Jaclyn Carriaga (biological mother and guardians of Jayden, Jaylen, Jordan, and Jayden Vidana) "wholeheartedly" agreed that Mr. Vidana's children should all be treated equally. (Vidana GAL Report at p. 4.) The Vidana children, as well, agreed to equal distribution. (Vidana GAL Report at p. 4.) Mr. Vidana's

adult child, Jayden Vidana, also agreed individually and through his mother, Ms. Carriaga, that he would like to be treated equally to his brothers and sister. Vidana GAL Report at p. 4.)

Distribution to the Vidana heirs will be made through direct payments. Each heir's equal portion will be placed in an FDIC insured account until the minor reaches 18 years of age. Funds may be withdrawn sooner with this Court's approval.

## II. As to the minor children of Leonard Hopinka

As proposed, the settlement calls for a total payment of $225,000 (37.5% of the gross settlement amount) to the Hopinka Estate. Of this amount, $122,487.39 would be due to Lein Law Offices for legal fees and expenses, as further indicated in the attached breakdown. (Settlement Statement for Leonard Hopinka, *att'd hereto* at Ex. 3, *hereinafter* Hopinka Settlement.) This amount includes, in relevant part, a 1/3 award of $75,000 to Lein Law Offices, $28,578.42 for professional services including expert reports and guardian ad litem services, and $15,000 to settle probate of the Hopinka Estate. (Hopinka Settlement.) This will result in an approximate payout to the Hopinka Estate of $102,512.61. (Hopinka Settlement).

Between the two minor Hopinka children, this amount would be divided evenly. (Hopinka GAL Report at p. 2.) The mother of both of Hopinka's minor children, Bianca Whitecloud, advised Attorney Eiden that Mr. Hopinka had a meaningful relationship with both children, and Attorney Hopinka believes equal distribution is fair.

Distribution to the Hopinka heirs will be made through direct payments. Each heir's equal portion will be placed in an FDIC insured account until the minor reaches 18 years of age. Funds may be withdrawn sooner with this Court's approval.

### III.  As to the minor child of Tyler Decorah

As proposed, the settlement calls for a total payment of $150,000 (25% of the gross settlement amount) to the Decorah Estate. Of this amount, $80,329.89 would be due to Lein Law Offices for legal fees and expenses, as further indicated in the attached breakdown. (Settlement Statement for Tyler Decorah, *att'd hereto* at Ex. 2, *hereinafter* Decorah Settlement.) This amount includes, in relevant part, a 1/3 award of $50,000 to Lein Law Offices, $26,420.92 for professional services including expert reports and guardian ad litem services, and $15,000 to settle probate of the Decorah Estate. (Decorah Settlement.) This will result in an approximate payout to the Decorah Estate of $69,670.11. (Decorah Settlement).

As Mr. Decorah only had one minor child, the entire remaining amount will be payable to Kendrick Decorah. (Decorah GAL Report at p. 3.) Distribution to Kendrick Decorah will be made through direct payments. The total amount will be placed in an FDIC insured account until Kendrick Decorah reaches 18 years of age. Funds may be withdrawn sooner with this Court's approval.

## CONCLUSION

In light of the foregoing, plaintiffs the Estates of Leonard Robert Hopinka, Jordan Lee Vidana, and Tyler Edward Decorah, as well as the minor children of each named decedent through their respective guardians ad litem make the unopposed request that this Court approve the minor settlement agreement reached by the parties and described herein.

Dated: April 30, 2024

                                                Respectfully submitted,

                                                **Lein Law Offices, LLP**

                                                By:  **s/Matthew C. Lein**
Matthew C. Lein
Attorney I.D.#1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone:  (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com
**Attorney for Plaintiff(s)**