IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF JORDAN VIDANA,
JORDAN VIDANA, JR., JADEN VIDANA,
JAYLEN VIDANA, and SANDER KING,

    Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

    Defendants.

ORDER

23-cv-82-jdp

---

ESTATE OF LEONARD ROBERT HOPINKA,
HELES-WV-CEXI-WI HOPINKAWHITECLOUD and
NO-KO-SELVS-TE HOPINKA WHITECLOUD,
ESTATE OF TYLER EDWARD DECORAH, and
KENDRICK DECORAH,

    Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

    Defendants.

ORDER

23-cv-486-jdp

---

Plaintiffs in this case are the estates and children of three men who died in a car accident. Plaintiffs are suing the driver of the other vehicle, his employer, and their insurers for negligence.

Plaintiffs move for approval of a settlement with defendants. Dkt. 60. The settlement involves minors, so it requires court approval under Wis. Stat. § 807.10(1). A settlement

hearing is scheduled for May 23. This order will explain what additional information the court needs before it can approve the settlement.

The total amount being paid by defendants is $600,000. The Vidana portion of the settlement is $225,000; the Hopinka portion is $225,000; and the Decorah portion is $150,000.

The court's first concern relates to the attorney fees. Plaintiffs' counsel requests one-third of the gross amount: $75,000 from the Vidanas; $75,000 from the Hopinkas and $50,000 from Decorah, for a total of $200,000. But a reasonable fee is generally based on the net amount of the settlement, after expenses are subtracted. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). In this case, the expenses are substantial. Counsel seeks more than $72,000 in expenses from the Vidanas; more than $47,000 from the Hopinkas; and more than $30,000 from Decorah. If those amounts are subtracted from the total, that would leave about $450,000, and counsel's share would be about $150,000, not $200,000.

The court is aware that counsel's fee agreements allow him to collect one-third of the gross amount. *See* Dkt. 48, attachments. But as plaintiffs acknowledge in their motion, § 807.10 requires the court to determine whether the settlement is fair, reasonable, and in the best interests of the minors, regardless of what the fee agreements say. Counsel will need to submit support for his fees in a form that complies with this court's procedures, which are included on page 39 of the attachments to the preliminary pretrial conference order. Dkt. 32. This is so the court can perform a lodestar crosscheck on the fee amount to assess its reasonableness.

The court's other concerns relate to the expenses. As already discussed, they are substantial, but plaintiffs' counsel provides almost no information about them. Counsel must submit a supplemental brief that provides the following information:

- what is included in the probate expenses and why those expenses are reasonable (billing records should be provided if necessary to provide context);

- the name of each expert with whom counsel consulted, what services that expert provided, why those expenses are reasonable, and a copy of any reports the expert prepared;

- what the civil process fees are for;

- what depositions were taken and why.

The court will give plaintiffs' counsel an opportunity to provide this information before the hearing.

ORDER

IT IS ORDERED that plaintiffs may have until May 16, 2024, to file a supplement that includes the information discussed in this order.

Entered May 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3