IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF JORDAN VIDANA,
JORDAN VIDANA, JR., JADEN VIDANA,
JAYLEN VIDANA, and SANDER KING,

        Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

        Defendants.

AMENDED ORDER

23-cv-82-jdp

---

ESTATE OF LEONARD ROBERT HOPINKA,
HELES-WV-CEXI-WI HOPINKAWHITECLOUD and
NO-KO-SELVS-TE HOPINKA WHITECLOUD,
ESTATE OF TYLER EDWARD DECORAH, and
KENDRICK DECORAH,

        Plaintiffs,

  v.

LUIS REYES GOMEZ, HP TRANS CORP,
DRIVE NEW JERSEY INSURANCE COMPANY,
and SENTRY SELECT INSURANCE COMPANY,

        Defendants.

AMENDED ORDER

23-cv-486-jdp

---

Plaintiffs in this case are the estates and children of three men who died in a car accident. Plaintiffs sued the driver of the other vehicle, his employer, and their insurers for negligence. After mediating, the parties reached a tentative settlement. But some of the children are minors, and settlements involving minors require court approval under Wis. Stat. § 807.10(1), so plaintiffs moved for that approval. Dkt. 60. After holding a hearing, the court directed plaintiffs' counsel to make some adjustments to his fees and expenses, Dkt. 69, and

he has complied with that order, Dkt. 75.[1] The question is whether the terms of the settlement are fair, reasonable, and in the best interests of the minors. Dkt. 62.

The total amount being paid by defendants is $600,000. The Vidana portion of the settlement is $225,000; the Hopinka portion is $225,000; and the Decorah portion is $150,000. The total amount is reasonable in light of the potential weaknesses in plaintiffs' claims and the significant risks of going to trial. The division among the three families is also reasonable. A smaller portion for the Decorah estate and child is reasonable because Decorah's lifetime earnings were projected to be $200,000 lower than the other decedents, and minor Decorah had little to no contact with his father. Dkt. 60-3, at 3.

The court's concerns during the hearing related to the fees and expenses of plaintiffs' counsel, Matthew Curtiss Lein. Counsel originally requested one third of the gross amount: $75,000 from the Vidanas; $75,000 from the Hopinkas and $50,000 from Decorah, for a total of $200,000. A contingency fee of one third is generally reasonable, *see Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014), but a reasonable fee is generally based on the net amount of the settlement, after expenses are subtracted. *see Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). This gives counsel an incentive to keep expenses down. So the court directed counsel to subtract expenses before calculating his one-third cut. The court also approved only half of the $12,000 fee from expert Adam Locketz, who offered opinions that the accident was the cause of death and that Jorden Vidana suffered emotional distress before he died. Dkt. 63-9. The causation issue likely could have been resolved through stipulation,

---

[1] Plaintiffs' counsel originally submitted his response to a court email address, but that address was not being monitored, so the court was not aware that counsel had responded to the order. Regardless, these filings should be part of the record, so it was appropriate for counsel to file them on the docket.

and the opinion about emotional distress was conclusory, so the expense of the report was significantly greater than its value. The court otherwise approved the expenses.

The court concludes that counsel's revised settlement statements comply with the court's order. Dkt. 77-1; Dkt. 77-2; Dkt. 77-3. In its previous order, the court included as expenses counsel's estimated costs of probate, which were $40,000 for Vidana and $15,000 each for Hopinka and Decorah. Dkt. 62. Counsel did not object to this during the hearing, but he says now that the probate expenses should be classified as money going to the estate rather than counsel's expenses because that money is not being used for this litigation. This overlooks that counsel also represented the estates in the probate, and those expenses include his fees. But it is also true that if the estates did not hire Lein for probate, they would have needed to hire someone else. So it is appropriate to view the probate expenses as money going to the estates rather than as Lein's expenses.

To be absolutely clear: the court is not approving counsel's fees in the probate proceedings as reasonable. This court takes no position on that issue. It will be up to the probate court to evaluate counsel's fees and determine if those fees are reasonable.

After expenses are subtracted, one third of the remaining settlement amount is $171,056.94. The court will approve attorney fees in that amount. The court also approves the settlement agreement and the division of the settlement provided in the settlement statement. Dkt. 77-1; Dkt. 77-2; Dkt. 77-3.

As discussed in the settlement agreement, for all of the minors other than Kendrick Decorah, their portion of the settlement will be deposited in a restricted FDIC insured account until the minor reaches 18 years of age. Timothy Eiden, the guardian ad litem for the Hopinka minors, asks that the minors' mother be allowed to make monthly withdrawals to assist with

supporting the children—$500 a month until He-Les-Wv Cexi-Wi Hopinka-Whitecloud turns 18 (approximately three years), and then $300 a month until No-Ko-Selvs-Te Hopinka-Whitecloud turns 18 (approximately six years). Dkt. 60-2, at 4. The court will approve that request.

Plaintiffs' counsel has been unable to locate the minor Decorah or his legal guardian. The court will approve to counsel's request to keep Decorah's portion of the settlement in counsel's trust account or a trust managed by Decorah's tribe, Ho-Chunk Nation, until Decorah's legal guardian agrees to the terms of the settlement agreement or, after Decorah turns 18, until Decorah agrees to the terms of the settlement agreement, whichever comes first.

One last point. Plaintiffs filed all of the materials supporting their motion for settlement approval ex parte. Dkt. 60–61; Dkt. 63–Dkt. 67. Counsel explained during the hearing that the settlement materials disclosed his internal negotiating position, and he did not want that information shared with defendants before the settlement was approved. Now that the court is approving the settlement, the court will direct the clerk of court to unseal all of those filings. These materials were all necessary to inform the court's decision whether to approve the settlement, so they belong in the public record. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for approval of the settlement, Dkt. 60, is GRANTED as reflected in the settlement statements in Dkt. 77-1, 77-2, and 77-3, and the settlement agreement, Dkt. 77-6.

2. Defendants are directed to make payment to Lein Law Offices, LLP Trust Account.

3. In accordance with the settlement agreement, plaintiffs' counsel is directed to deposit the Vidana and Hopinka shares of the settlement into FDIC-insured accounts that shall be restricted until the minors turn 18.

4. For plaintiffs who have already turned 18, plaintiffs' counsel is directed to distribute their portion of settlement promptly.

5. Plaintiffs' counsel is directed to place Kendrick Decorah's portion of the settlement into Tyler Decorah's probate estate so that the probate court can determine who the proper heirs are.

6. Bianca Whitecloud is authorized to make monthly withdrawals of $500 a month until He-Les-Wv Cexi-Wi Hopinka-Whitecloud turns 18 and $300 a month until No-Ko-Selvs-Te Hopinka-Whitecloud turns 18. Those funds must be used for the support of those two children.

7. The clerk of court is directed to unseal Dkt. 60, Dkt. 61, Dkt. 63, Dkt. 64, Dkt. 65, Dkt. 66, and Dkt. 67.

8. These cases are DISMISSED with prejudice, and the clerk of court is directed to close them.

Entered July 23, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge